# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CHARLES D. SCHILLING,

        Plaintiff,

v.

CASE NO. 08-13788
HON. LAWRENCE P. ZATKOFF

AMERICAN NATIONAL RED CROSS
and DIANE ASHBURN,

        Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND

This matter comes before the Court on Plaintiff's motion to remand [dkt 4], filed on September 9, 2008. Defendants have responded. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Plaintiff's motion to remand is DENIED.

Under 28 U.S.C. § 1441(a), an action may be removed to federal court if it originally could have been brought there. *Willett v. Gen. Motors Corp.*, 904 F. Supp. 612, 613 (E.D. Mich. 1995). The burden for establishing jurisdiction in removal cases lies with the removing party. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994); *Hollenbeck v. Burroughs Corp.*, 664 F. Supp. 280, 281 (E.D. Mich. 1987).

On June 24, 2008, Plaintiff filed a complaint with this Court. In that complaint, Plaintiff did not satisfy the requirements of diversity jurisdiction nor did Plaintiff otherwise articulate a basis upon which the Court had subject-matter jurisdiction. Accordingly, the Court dismissed the complaint without prejudice and without addressing the merits of the complaint. On July 14, 2008,

Plaintiff filed the current complaint against the same Defendants in the Wayne County Circuit Court.

Defendants timely removed the current action to this Court on September 3, 2008. In their notice of removal, Defendants contend that this Court has subject-matter jurisdiction over the action pursuant to 36 U.S.C. § 2, which grants the American National Red Cross "the power to sue and be sued in courts of law and equity, state or federal, within the jurisdiction of the United States." In construing the jurisdictional significance of 36 U.S.C. § 2, the Supreme Court has previously held that it "confers original jurisdiction on federal courts over all cases to which the Red Cross is a party, with the consequence that the organization is thereby authorized to remove from state to federal court any state-law action it is defending." *Am. Nat'l Red Cross v. S.G.*, 505 U.S. 247, 248 (1992). Therefore, the Court enjoys jurisdiction over this matter by virtue of the Red Cross's status as a party.

For the reasons set forth above, Plaintiff's Motion to Remand is DENIED.

IT IS SO ORDERED.


                                                  S/Lawrence P. Zatkoff
                                                  LAWRENCE P. ZATKOFF
                                                  UNITED STATES DISTRICT JUDGE

Dated: October 15, 2008

CERTIFICATE OF SERVICE

       The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 15, 2008.

                                       S/Marie E. Verlinde
                                       Case Manager
                                       (810) 984-3290